IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHNNY GUTLIP AUER WITHERSPOON    *
           Petitioner,
     v.                                    *    CIVIL ACTION NO. DKC-06-366

WARDEN                                 *
           Respondent.
                                        ***

## **MEMORANDUM**

On March 29, 2002, Petitioner Johnny Witherspoon filed a pro se 28 U.S.C. § 2241 Petition for habeas corpus relief challenging his post-removal-order detention. *See Witherspoon v. INS*, Civil Action No. DKC-02-1072. That Petition was dismissed as moot on July 19, 2002, upon information that Petitioner had been released from Department of Homeland Security custody.

On February 13, 2006, the court received a § 2241 application from Petitioner, who is confined at the Columbia Care Center, a mental health facility in Columbia, South Carolina. Affording the Petition a generous construction, it appears that Petitioner seeks release from detention and court order vacating his order of removal based upon the unsettled situation in war-torn Liberia and the non-violent nature of the criminal conviction which comprised the basis for his charge(s) of removal. Paper No. 1.

Because he meets indigency requirements, Petitioner's Motion to Proceed In Forma Pauperis shall be granted. The Petition shall, however, be dismissed for lack of personal jurisdiction.

On May 11, 2005, President Bush signed the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). Included within this far-reaching legislation is the Real ID Act of 2005 or "RIDA." Section

106(a)(1)(B) of RIDA substantially modifies the route aliens must take to seek judicial review of an order of removal.

Section 106(a)(1)(B)(5) states that:

> [N]otwithstanding....section 2241 of title 28, United States Code, or any other habeas corpus provision,....a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issues under any provision of this Act....For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and "jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651....

RIDA makes the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal. Consequently, to the extent that Petitioner wishes to raise a challenge to his order of removal, RIDA undoubtedly divests this court of subject matter jurisdiction to review that challenge.

Insofar as Petitioner is raising a challenge to his detention, this court lacks personal jurisdiction over the matter.[1] It is well-settled law that jurisdiction over a § 2241 petition lies in the federal district court whose territorial limits include the place of a petitioner's confinement or where a petitioner's custodian is located. *see United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *United States v. Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987); *Eltayeb v. Ingraham*, 950 F. Supp. 95, 99 (S.D. N.Y. 1997); *Chukwurah v. INS*, 813 F.Supp. 161, 168 (E.D. N.Y. 1993); *see also*, *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 496 (1973) (§ 2241 petitions typically heard by court having jurisdiction over petitioner's custodian). Generally, the custodian is the person having the day-to-day control over the detainee. *see Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986).

---

[1] District Counsel for Immigration & Customs Enforcement ("ICE") confirms that Petitioner was taken back into ICE custody in October 2005, and was sent to the South Carolina mental health facility because of issues with his medication.

Petitioner is confined at the Columbia Care Center in Columbia, South Carolina. Consequently, his § 2241 challenge to his detention must be raised in the district court that has jurisdiction over his custodian, the superintendent or director of the Columbia Care Center. Personal jurisdiction thus lies in South Carolina, not in Maryland.

Accordingly, this Petition shall be dismissed without prejudice. To the extent that Petitioner wishes to raise a direct challenge to his order of removal, he may file the appropriate petition in the United States Court of Appeals for the Fourth Circuit.[2] A 28 U.S.C. § 2241 challenge to Petitioner's continued detention may be filed in the United States District Court for South Carolina.[3] A separate Order follows.

Date:   2/16/06                                /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge

---

[2] Petitioner may file a petition attacking his order of removal in the United States Court of Appeals for the Fourth Circuit, Lewis F. Powell, Jr. United States Courthouse Annex 1100 East Main Street, Suite 501Richmond, Virginia 23219-3517. This court offers no opinion as to the timeliness or substantive merits of such a petition.

[3] The mailing address for the United States District Court for South Carolina is Matthew J. Perry, Jr. Court House, 901 Richland Street, Columbia, South Carolina 29201